# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN,<br><br>        Plaintiff,<br><br>   v.<br><br>W. HENSE, et al.,<br><br>        Defendants. | CASE NO. 1:03-CV-5282-REC-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, AND DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(Docs. 43 and 50) |

I.  <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed November 19, 2003, against defendants Hense, Cole, Davis, and Forgia for retaliation. On April 1, 2005, plaintiff filed a motion for summary judgment. Defendants filed an opposition to the motion on April 19, 2005, and plaintiff filed a reply on April 28, 2005.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that

///

there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

Where, as here, "the moving party has the burden of proof, . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)). Thus, on a summary judgment motion, the moving party must demonstrate there is no triable issue as to the matters alleged in its own pleadings. Id. This requires the moving party to establish beyond controversy every essential element of its claim or defense. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). The moving party's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Pursuant to Local Rule 56-260(a), "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact."

Defendants oppose plaintiff's motion for summary judgment on the ground that it is procedurally deficient because it is not in compliance with Rule 56-260(a). In his reply, plaintiff argues that Section III of his Memorandum, entitled Facts, and his declaration satisfy Rule 56-260(a).

The court has reviewed plaintiff's motion and finds that it does not comply with the requirements set forth in Local Rule 56-260(a). Plaintiff's motion must be accompanied by a statement of undisputed facts in which each fact is separately set forth and is followed by a citation to the "particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact." Local Rule 56-260(a). A moving party's failure to cite to the evidence relied upon in support of each specific fact makes a responding party's burden unnecessarily more difficult. In fact-specific cases, the court is disinclined to overlook the failure to comply with the mandate of Local Rule 56-260(a). The responding party should be able to

///

quickly ascertain what facts offered by plaintiff are to be contested and what evidence is relied upon in support of each fact.

Although the court is cognizant of the fact that plaintiff is a non-attorney proceeding pro se and is incarcerated, all parties are required to comply with this requirement, regardless of their status. Plaintiff's motion is not in compliance with this requirement, and the court will not require defendants to sift through plaintiff's lengthy motion and separate out the facts and the evidence relied on by plaintiff so that they are able to respond to the merits of the motion. Accordingly, the court shall recommend that plaintiff's motion be denied, without prejudice.

## II. Defendants' Motion to Dismiss

### A. Procedural History

On February 9, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a second motion to dismiss for failure to exhaust the available administrative remedies.[1] Plaintiff filed an opposition on February 25, 2005.[2]

On May 9, 2005, after reviewing plaintiff's opposition and discovering that plaintiff was relying on the court to also consider the opposition he filed in response to defendants' previously decided motion to dismiss, the court issued an order informing plaintiff that the court would not consider his previous opposition and that if plaintiff wanted the court to consider arguments and evidence he previously set forth in his first opposition, he must present the arguments and evidence in his current opposition. The court provided plaintiff with the opportunity to file a new opposition within thirty days. More than thirty days have passed and plaintiff has not filed a new opposition or otherwise responded to the court's order. Therefore, the court will consider defendants' pending motion to dismiss and the opposition plaintiff filed on February 25, 2005.

### B. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Defendants' first motion to dismiss for failure to exhaust was denied by the court on January 27, 2005.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 23, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 21.)

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.     Discussion

Defendants argue that they are entitled to dismissal of this action because plaintiff failed to exhaust the available administrative remedies with respect to his claims against them. In support of their motion, defendants submit evidence that plaintiff did not file any appeals grieving the claims in this action at either the institutional level or at the Director's Level of review. (Doc. 43, Carson Dec., ¶ 5; Grannis Dec., ¶ 8; Ramirez Dec., ¶ 5.) Based on this evidence, the court finds that defendants have met their burden of pleading and proving that plaintiff failed to exhaust with respect to his claims. The burden therefore shifts to plaintiff to set forth some evidence that he did exhaust.

First, plaintiff argues that defendants' motion was brought in bad faith because the court previously denied their motion for failure to exhaust. This argument is without merit. The court denied defendants' first motion, without prejudice, on the ground that they did not meet their burden as the moving parties. (Docs. 39, 41.) Defendants only presented evidence that plaintiff did not file any appeals at the Director's Level of review, and the court found that pursuing an appeal to the Director's Level of review is not necessarily required in order for the exhaustion requirement to be satisfied. (Id.)

In the pending motion to dismiss, defendants submit evidence that plaintiff did not file any appeals at either the institutional level or the Director's Level. This additional evidence cures the deficiency that caused the court to deny the first motion and is sufficient for defendants to meet their burden as the moving parties.

Plaintiff next attacks the declarations defendants submitted. Declarations such as those submitted by defendants in support of their motion constitute proper evidence. Plaintiff has set forth no grounds that support a finding that the declarations are inadmissible or otherwise improper. Plaintiff must do more than attack the credibility of defendants' evidence. See National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert . . . judgment."); Porter v. Nussle, 534 U.S. 516, 524 (2002) (remedies must be exhausted, and need not meet federal standards or be plain, speedy, and effective). Rather, plaintiff must set forth some

///

evidence that supports his position that defendants are not entitled to dismissal based on his failure to exhaust (i.e., evidence that plaintiff did in fact exhaust).

Finally, plaintiff argues that as a matter of law, defendants have no way to prove that he did not exhaust. This argument is rejected. Defendants have met their burden, which results in the burden shifting to plaintiff to set forth some evidence that he did exhaust his claims prior to filing suit. Plaintiff has not done so.[3] Because plaintiff has not submitted any evidence that he exhausted his claims against defendants prior to filing suit, the court finds that defendants are entitled to dismissal of this action, without prejudice.

III.     Findings and Recommendations

At set forth in the preceding sections, the court finds that plaintiff's motion for summary judgment is procedurally deficient and recommends that the motion be denied, without prejudice. Further, the court finds that defendants are entitled to dismissal of this action based on plaintiff's failure to exhaust the available administrative remedies and recommends that defendants' motion to dismiss be granted.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment, filed April 1, 2005, be DENIED, without prejudice;

2. Defendants' motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies, filed February 22, 2005, be GRANTED; and

3. This action be dismissed, without prejudice, based on plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

[3] Plaintiff contends in his opposition of February 25 that he is scheduled for transfer and will be unable to access his property, including legal material, for at least a month, until his transfer is complete. (Doc. 44, Jin Dec., ¶ 8.) On March 3, 2005, plaintiff filed a notice of change of address to the prison at which he currently resides. On May 6, 2005, the court issued the order previously discussed in which plaintiff was provided with the opportunity to file a new opposition, but did not do so.

6

1  Findings and Recommendations." The parties are advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  **Dated:   June 30, 2005**                      /s/ Sandra M. Snyder
   icido3                                         UNITED STATES MAGISTRATE JUDGE