1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN, | CASE NO. 1:03-CV-5282-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION |
| v. | TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED IN PART AND DENIED IN |
| W. HENSE, et al., | PART, AND RECOMMENDING ACTION BE TRANSFERRED TO THE CENTRAL |
| Defendants. | DISTRICT |
| | (Doc. 43) |

_____/

I.      Defendants' Motion to Dismiss

    A.      Procedural History

        Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed November 19, 2003, against defendants Hense, Cole, Davis, and Forgia ("defendants") for retaliation. (Court Doc. 20.) On February 9, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a second motion to dismiss for failure to exhaust the available administrative remedies.[1] (Court Doc. 43.) Pursuant to the court's orders of May 9, 2005 and August 18, 2005, plaintiff filed an opposition to the motion on September

_____

[1] Defendants' first motion to dismiss for failure to exhaust was denied by the court on January 27, 2005. (Court Doc. 41.)

1

1, 2005.[2] (Court Doc. 63.)  As set forth in the orders, plaintiff's earlier opposition, filed on February

25, 2005, is disregarded.  (Court Doc. 44.)  Defendants did not file a reply.

      B.    <u>Legal Standard</u>

      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement

applies to all prisoner suits relating to prison life.  <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

Prisoners must complete the prison's administrative process, regardless of the relief sought by the

prisoner and regardless of the relief offered by the process, as long as the administrative process can

provide some sort of relief on the complaint stated.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

"All 'available' remedies must now be exhausted; those remedies need not meet federal standards,

nor must they be 'plain, speedy, and effective.'"  <u>Porter</u>, 534 U.S. at 524 (citing to <u>Booth</u>, 532 U.S.

at 739 n.5).  Exhaustion must occur prior to filing suit.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-

1201 (9th Cir. 2002).  Plaintiff may not exhaust while the suit is pending.  <u>McKinney</u>, 311 F.3d at

1199-1201.

      The California Department of Corrections has an administrative grievance system for

prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, <u>et seq.</u>  "Any inmate or parolee under the

department's jurisdiction may appeal any departmental decision, action, condition, or policy which

they can reasonably demonstrate as having an adverse effect upon their welfare."  <u>Id</u>. at 3084.1(a).

Four levels of appeal are involved, including the informal level, first formal level, second formal

level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5

(2004).

      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

defense under which defendants have the burden of raising and proving the absence of exhaustion.

<u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 23, 2004.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Court Doc. 21.)

1    administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion,

2    rather than a summary judgment motion.   Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l

3    Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).   In

4    deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look

5    beyond the pleadings and decide disputed issues of fact.   Wyatt, 315 F.3d at 1119-20.   If the court

6    concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

7    dismissal without prejudice.   Id.

8           C.    Discussion

9           This action is proceeding against defendants for retaliation.   Plaintiff alleges that on August

10   26, 2002, while at California State Prison-Lancaster, defendants Cole and Davis retaliated against

11   him for filing a complaint against them for gambling and for planning to file a civil suit by searching

12   his cell and confiscating and destroying property items, including legal material.   (Court Doc. 19.)

13   Plaintiff alleges that he was transferred to California State Prison-Corcoran on October 2, 2003, and

14   that defendant Forgia orchestrated the transfer to retaliate against plaintiff for filing grievances.   (Id.)

15   Finally, plaintiff alleges that he was transferred to Pleasant Valley State Prison on March 18, 2003,

16   and that defendant Hense orchestrated a retaliatory job assignment change and the transfer to

17   Pleasant Valley to block plaintiff's efforts to file complaints.   (Id.)

18          Defendants argue that they are entitled to dismissal of this action because plaintiff failed to

19   exhaust the available administrative remedies with respect to his claims against them.   In support of

20   their motion, defendants submit evidence that plaintiff did not file any appeals grieving the claims

21   in this action at either the institutional level or at the Director's Level of review.   (Court Doc. 43,

22   Carson Dec., ¶ 5; Grannis Dec., ¶ 8; Ramirez Dec., ¶ 5.)   Based on this evidence, the court finds that

23   defendants have met their burden of pleading and proving that plaintiff failed to exhaust with respect

24   to his claims.   The burden therefore shifts to plaintiff to set forth some evidence that he did exhaust.

25          First, plaintiff attacks the declarations defendants submitted.   (Court Doc. 63, Opp., 3:22-

26   4:20.)   Declarations such as those submitted by defendants in support of their motion constitute

27   proper evidence.   Plaintiff has set forth no grounds that support a finding that the declarations are

28   inadmissible or otherwise improper.   Plaintiff must do more than attack the credibility of defendants'

1   evidence.  See National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983)

2   ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her

3   credibility suffices to avert . . . judgment."); Porter v. Nussle, 534 U.S. 516, 524 (2002) (remedies

4   must be exhausted, and need not meet federal standards or be plain, speedy, and effective).  Rather,

5   plaintiff must set forth some evidence that supports his position that defendants are not entitled to

6   dismissal based on his failure to exhaust (i.e., evidence that plaintiff did in fact exhaust).

7          Plaintiff next argues that defendants' conduct in bringing a second motion to dismiss is

8   "malicious and outrageous" and the inclusion of new declarations is an attempt to cause delay.  (Id.,

9   4:22-5:6.)  This argument is without merit.  The court denied defendants' first motion, without

10  prejudice, on the ground that they did not meet their burden as the moving parties.  (Docs. 39, 41.)

11  Defendants only presented evidence that plaintiff did not file any appeals at the Director's Level of

12  review, and the court found that pursuing an appeal to the Director's Level of review is not

13  necessarily required in order for the exhaustion requirement to be satisfied.  (Id.)  In the pending

14  motion to dismiss, defendants submit evidence that plaintiff did not file any appeals at either the

15  institutional level or the Director's Level.  This additional evidence cures the deficiency that caused

16  the court to deny the first motion and is sufficient for defendants to meet their burden as the moving

17  parties.

18         Plaintiff's remaining three arguments are that administrators prevented him from exhausting

19  and have therefore waived their opportunity to respond, exhaustion of retaliation claims is not

20  required, and pursuant to the Ninth Circuit's decision in Ngo v. Woodford, 403 F.3d 620 (9th Cir.

21  2005), no further levels of appeal remained.  (Opp., 5:8-6:19.)  These three arguments are addressed

22  in the following paragraphs.

23         With respect to his claim against defendants Cole and Davis, plaintiff alleges that he

24  submitted two complaints to the Program Sergeant, four complaints to the Warden, three complaints

25  to the Investigative Services Unit, three complaints to Internal Affairs, and three complaints to the

26  Litigation Department.  (Id., 1:13-20.)  In addition, plaintiff alleges that his fifty-four page inmate

27  appeal (CDC Form 602) was attached to the letters he addressed to the Warden, Internal Affairs, the

28  Inspector General, and the U.S. Attorney General.  (Id., 1:20-22.)  Plaintiff alleges that appeal

4

1 subsequently disappeared when it was forwarded for a third time to Lancaster. (Id., 1:23-24.)

2 Plaintiff alleges that his complaints were rejected by Internal Affairs, the Warden, and the Appeals

3 Coordinator. (Id., 1:24-2:3.)

4 First, plaintiff's contention that he is not required to exhaust retaliation claims is without

5 merit. The section 1997e(a) exhaustion requirement applies to *all* prisoner suits relating to prison

6 life, Porter, 435 U.S. at 532, and "[a]ll 'available' remedies must now be exhausted; those remedies

7 need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S.

8 at 524 (citing to Booth, 532 U.S. at 739 n.5). The administrative remedy process that is provided

9 to inmates and which must be exhausted in order to satisfy 42 U.S.C. § 1997e(a) is the inmate

10 appeals process set forth in Cal. Code Regs., tit. 15 § 3084, et seq. Brown v. Valoff, 422 F.3d 926,

11 929-30 (9th Cir. 2005); Ngo, 403 F.3d at 624. The process is initiated by the submission of an

12 inmate appeal on a CDC Form 602. Tit. 15, § 3084.2(a).

13 Plaintiff's exhibits demonstrating that he wrote letters to the Office of Investigative Services,

14 the Office of the Inspector General, and Attorney General John Ashcroft do not support plaintiff's

15 contention that he exhausted, as none of these avenues constitutes utilization of the inmate appeals

16 process. (Exhibit A, p. 7-9.) Further, the "rejection" letter sent to plaintiff by the Litigation Office,

17 dated September 19, 2002, specifically informed plaintiff that he needed to pursue his complaint via

18 the inmate appeals process or the Warden's office. (Exhibit D.) Thereafter, on October 10, 2002,

19 plaintiff received a letter from the Warden's office informing him that he must utilize the inmate

20 appeals process. (Exhibit E.)

21 In addition to the aforementioned exhibits, plaintiff submits a copy of an inmate appeal dated

22 September 29, 2002, (Exhibit A), and a copy of a memorandum dated March 2, 2003, from plaintiff

23 to the inmate appeals office at Lancaster asking for a log number for the appeal that was forwarded

24 to the office in December of 2002. (Exhibit B.) Plaintiff received notice on May 21, 2003, that there

25 was no record that the appeal had been received. (Exhibit B.) Based on plaintiff's memo, plaintiff

26 had been working with staff at Corcoran to ensure delivery of the appeal to the appeals office at

27 Lancaster. (Id.) Upon notification that there was no record of the appeal, plaintiff needed to have

28 taken steps to pursue his appeal via the inmate appeals process. Receipt of notification that there

1   was no record of an appeal constitutes neither exhaustion of the inmate appeals process nor evidence

2   that no relief remained available to plaintiff.  Accordingly, the court finds that plaintiff did not

3   exhaust his claim against defendants Cole and Davis.

4       Turning to plaintiff's claim against defendant Forgia, plaintiff submits evidence that he

5   submitted an appeal on October 13, 2002, grieving the allegedly retaliatory transfer.  (Exhibit F, p.

6   1.)  The appeal was screened out and returned to plaintiff with instructions to limit his appeal to one

7   continuous page and to submit a copy of the CDC Form 128G referring him for transfer.  (Exhibit

8   F, p. 2.)  Plaintiff submits a copy of an appeal dated November 22, 2002, which appears to be a re-

9   drafted submitted in compliance with the screening decision.  (Id., p. 3.)  Plaintiff alleges that this

10  appeal was  not responded to.  (Opp., 2:9-11.)  On December 15, 2002, plaintiff submitted another

11  appeal grieving the transfer.  (Exhibit F, p. 4.)  The appeal was screened out three times because it

12  was not submitted within the time constraints set forth in section 3084.6 of Title 15.  (Id., p. 6-8)

13  When plaintiff then submitted the appeal to the Director's Level of review, it was returned with

14  notification that plaintiff must address his issue with the appeals coordinator.  (Exhibit G.)

15      Exhaustion occurs when all avenues of administrative relief available are completed, and the

16  "exhaustion requirement does not bar subsequent judicial consideration of an exhausted

17  administrative appeal that was denied on state procedural grounds."  Ngo, 403 F.3d at 631.  In this

18  instance, plaintiff submitted an appeal grieving his allegedly retaliatory transfer and the appeals

19  coordinators thereafter exercised their discretion to screen out plaintiff's appeal three times as

20  untimely.  In light of the Ninth Circuit's decision in Ngo, the decisions to screen out plaintiff's

21  appeal as untimely end the exhaustion inquiry.  Id. at 631.  Exhaustion occurred when plaintiff's

22  appeal was barred on procedural grounds and "no further level of appeal remained in the state

23  prison's internal appeals process."  Id.  Accordingly, the court finds that plaintiff exhausted his claim

24  against defendant Forgia.

25      Finally, with respect to the claim against defendant Hense, plaintiff alleges that he submitted

26  a complaint to a counselor, three complaints to a captain, three complaints to the Warden, four

27  complaints to the Appeals Office, and two complaints to the Ombudsman Office.  (Opp., 2:24-3:4.)

28  Plaintiff alleges he thereafter submitted three complaints to a captain, one complaint to the Inmate

Assignment Office, one complaint to the Education Office, and one complaint to the Ombudsman Office.  Plaintiff submits evidence that Warden Scribner responded to a letter from plaintiff's attorney concerning the transfer, described by plaintiff as a rejection of a complaint. (Opp., 3:10-13; Exhibit H.)  Plaintiff also submits as evidence correspondence from the Ombudsman Office and Facility Captain R. Halberg. (Exhibits I, J.)

Plaintiff's numerous complaints submitted to a counselor, a captain, the Warden, the Inmate Assignment Office, and the Ombudsman Office as none of these avenues constitutes utilization of the inmate appeals process.  Further, the memoranda to plaintiff from the Ombudsman Office and Captain Halberg specifically direct plaintiff to redress his complaint through the inmate appeals process.

Although plaintiff alleges that he submitted complaints to the Appeals Office on October 30, 2002, December 15, 2002, January 9, 2003, and March 3, 2003, plaintiff has not submitted evidence of the substance of the appeals or concerning what happened to the appeals, via either documents or a declaration.  In light of the fact that the hearing during which defendant Hense allegedly orchestrated the retaliatory transfer and job change did not occur until February 27, 2003, it would have been impossible for the first three appeals to have grieved the retaliation claim against defendant Hense.  With respect to the fourth appeal, assuming that plaintiff submitted such an appeal, it grieved his retaliation claim against defendant Hense, and exhaustion occurred, plaintiff could not have exhausted prior to filing suit.  Plaintiff alleges that he submitted the appeal on March 3, 2003.  This action was filed on March 7, 2003, and the complaint was dated February 12, 2003. (Court Doc. 1.)  Accordingly, it was not possible for the March 3 appeal to have exhausted plaintiff's claim prior to the date plaintiff filed suit.  Accordingly, the court finds that plaintiff did not exhaust his claim against defendant Forgia prior to filing suit.

D.    Conclusion

At set forth in the preceding sections, the court finds that defendants Cole, Davis, and Hense are entitled to dismissal of the claims against them.  Accordingly, the court shall recommend that the claims be dismissed and this action proceed only on plaintiff's retaliation claim against defendant Forgia.  Lira v. Herrera, No. 02-16325, 2005 WL 2850115, *10 (9th Cir. Nov. 1, 2005) (rejecting

1    total exhaustion rule, and directing courts to dismiss unexhausted claims from action).  In light of

2    the fact that the remaining claim arises from events at occurred at CSP-Lancaster, which is in the

3    Central District of California, the court shall recommend that this action be transferred to the Central

4    District for further proceedings.  <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may

5    raise defective venue sua sponte).

6           Accordingly, it is HEREBY RECOMMENDED that:

7    1.    Defendants' motion to dismiss based on plaintiff's failure to exhaust the available

8          administrative remedies, filed February 22, 2005, be GRANTED IN PART AND

9          DENIED IN PART AS FOLLOWS:

10         a.    Defendants' motion to dismiss plaintiff's claim against defendants Cole and

11               Davis  for failure to exhaust be GRANTED;

12         b.    Defendants' motion to dismiss plaintiff's claim against defendant Forgia for

13               failure to exhaust be DENIED; and

14         c.    Defendants' motion to dismiss plaintiff's claim against defendant Hense for

15               failure to exhaust be GRANTED;

16   2.    Plaintiff's claims against defendants Cole, Davis, and Hense be DISMISSED,

17         without prejudice;

18   3.    This action continue to proceed on plaintiff's third amended complaint against

19         defendant Forgia for retaliation; and

20   4.    This action be transferred to the United States District Court for the Central District

21         of California, where venue of plaintiff's remaining claim is proper.

22          These Findings and Recommendations will be submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

24   **days** after being served with these Findings and Recommendations, the parties may file written

25   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

26   Findings and Recommendations."  The parties are advised that failure to file objections within the

27   ///

28   ///

1    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2    1153 (9th Cir. 1991).

3

4    IT IS SO ORDERED.

5    **Dated:     November 15, 2005**              **/s/ Sandra M. Snyder**
     icido3                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28